## City of Mt. Carmel v. Robert Bell.

1. CITIES AND VILLAGES—*Vacation of Streets, etc.*—An ordinance vacating a strip of ground on the side of a street and donating it to the adjacent property owners is invalid, and an ordinance authorizing the building of a sidewalk six feet wide on the side of the street, should be construed to mean that the walk is to be built along the original line of the streets and not along the new line sought to be established by the first named ordinance.

2. SHADE TREES—*Not to be Cut Down Unless, etc.*—Where a sidewalk of the width established by an ordinance can be built along the original line of the street without the sacrifice of shade trees, the city has no right to cut them down.

**Memorandum.**—Bill for an injunction to restrain the cutting down of shade trees. Appeal from the Circuit Court of Wabash County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

M. F. HOSKINSON, attorney for appellant.

APPELLEE'S BRIEF, BELL & CONGER, ATTORNEYS.

The right of owners of lots abutting streets, to plant and protect shade trees, has been recognized by municipal

authorities and courts, until the custom is badged with the authority of unwritten law. Cities should endeavor to foster and preserve trees planted on its streets. Baker v. Town of Normal, 81 Ill. 108.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Five valuable shade trees in front of appellee's property on Pear street, in the city of Mt. Carmel, were about to be cut down by the city authorities to make room for a sidewalk to be built adjacent to, and abutting upon, a line determined by the vacation of the east two feet of the street where it touches appellee's property. The destruction of these trees, which would have been an irreparable injury to the property in question, was perpetually enjoined by the court below. In The City of Mt. Carmel v. Mary L. Shaw et al., decided at the present term of this court, in which the questions of law and fact presented are substantially the same as in the record now before us, it has been held that the ordinance relating to the vacation of a strip of ground on the side of Pear and other streets is invalid in so far as it seeks to vacate and give to property owners a part of such street, and that the ordinance authorizing the building of a sidewalk six feet wide on the side of these streets should be construed to mean that the walk is to be built along the original line of the streets and not along the new line sought to be established by the first named ordinance. We refer to the opinion in the Shaw case for a full exposition of our views of the law on this subject.

According to the testimony of appellant's witnesses, a sidewalk six feet in width can be built along the original line of the street in front of appellee's property without the sacrifice of any of appellee's shade trees.

This being true the city has no right to cut them down.

The decree will be modified so that the injunction may remain in force as long as there is no public necessity for a sidewalk along the property of a greater width than six feet.

With this modification the decree will be affirmed.